IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| JOSEPH FRANK MENDOZA, CAROL JOCKS, DAWN CAVEYE and GINA and DANA DALTON, individually and on behalf of all others similarly situated,<br><br>   Plaintiffs,<br><br>  v.<br><br>LITHIA MOTORS, INC., LITHIA FINANCIAL CORPORATION, SALEM-V, LLC d/b/a VOLKSWAGEN OF SALEM, LITHIA KLAMATH, INC. d/b/a LITHIA KLAMATH FALLS AUTO CENTER, and LITHIA MEDFORD HON, INC.<br><br>   Defendants. | Case No. 6:16-CV-01264-AA<br>**OPINION AND ORDER** |

AIKEN, District Judge:

  Now before the Court is defendants' Bill of Costs. (Doc. 90) For the reasons set forth below, defendants are granted costs in the amount of $4,839.75.

/ / /

Page 1 – OPINION AND ORDER

## BACKGROUND

Plaintiffs brought this putative class action suit against defendants Lithia Motors, Inc., et al. asserting various claims, including common law fraud, violations of the federal Truth in Lending Act ("TILA"), Oregon's Unlawful Trade Practices Act ("UTPA"), and Oregon's financial elder abuse statute. The Court previously granted in part and denied in part defendants' first Motion to Dismiss (doc. 15) regarding certain claims pursuant to Fed. R. Civ. Proc. 12(b)(6). Doc. 21. Plaintiffs were granted to leave to amend their complaint. The Court next granted in part and denied in part defendants' second Motion to Dismiss (Doc. 48), dismissing plaintiff's claims relating to federal TILA claims and certain claims brought under the UPTA. Doc. 68. The Court finally dismissed all remaining claims in this case when it granted defendant's motion for summary judgment. Doc. 88. Plaintiffs then filed an appeal with the Ninth Circuit Court of Appeals, which affirmed the rulings of this Court. Doc. 98. Defendants have now submitted a timely bill of costs in this matter for a total of $15,673.73. Plaintiff object these costs on various grounds.

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 54(d) provides that, "[u]nless a federal statute, these rules, or a court order provides otherwise, costs—other than attorney's fees—should be allowed to the prevailing party." Fed. R. Civ. P. 54(d). "Costs" taxable under Rule 54(d) "are limited to those set forth in 28 U.S.C. §§ 1920 and 1821." *Twentieth Century Fox Film Corp. v. Entm't Distrib.*, 429 F.3d 869, 885 (9th Cir. 2005), (citing *Crawford Fitting Co. v. J. T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987)). Section

Page 2 – OPINION AND ORDER

1920 lists the specific items at issue here that a prevailing party may recover as costs:

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

28 U.S.C. § 1920(1)-(6).

While Rule 54 creates a presumption in favor of awarding costs to the prevailing party, District Courts may refuse to award costs based on the circumstances of a case. *See Ass'n of Mex.-Am. Educators v. California*, 231 F.3d 572, 591-93 (9th Cir. 2000). This discretion is not unlimited, and a District Court must specify reasons for its refusal to award costs. *Id.* at 591. There are several appropriate considerations for the Court to weigh, including:

> "(1) the losing party's limited financial resources; (2) misconduct on the part of the prevailing party, (3) the chilling effect on prospective litigants; (4) whether the case involves issues of substantial public importance, specifically educational quality, interracial disparities in economic opportunity, and access to positions of social influence; (5) great economic disparity between the parties; (6) whether the issues in the case are close and difficult; and (7) whether Plaintiff's' case, although unsuccessful, had some merit."

*Jefferson v. City of Fremont,* 2015 WL 1264703, at *2 (N.D. Cal. Mar. 19, 2015) (internal citations omitted)

The district court retains broad discretion to decide how much to award if anything. *Padgett v. Loventhal,* 706 F.3d 1205, 1209 (9th Cir .2013). Ultimately, it is

Page 3 – OPINION AND ORDER

"incumbent upon the losing party to demonstrate why the costs should not be awarded." *Stanley v. Univ. S. Cal.,* 178 F.3d 1069, 1079 (9th Cir.1999) (citation omitted).

## DISCUSSION

Defendants request an award of costs in the amount of $15,673.73. This includes $8,692.50 in fees for printed and electronically recorded transcripts related to the video recording and stenographic transcription of several depositions. 28 U.S.C. §§ 1920(2). The total request also includes $6,981.23 in fees for exemplification and the costs of making copies of necessary materials. 28 U.S.C. §§ 1920(4). This request breaks down further into $3,555.73 for costs associated with Stoel Rives' inhouse hosting of discovery materials on its databases and $3,425.50 for document reproduction.

The parties do no contest that defendants were the prevailing party in this action. Plaintiff's do not argue for the Court deny cost based on any of the considerations outlined in *Ass'n of Mex.-Am. Educators, supra*. Rather plaintiff argues that certain costs included in defendants" bill are not taxable and that defendants have failed to show that other costs were reasonable or necessary.[1] The Court shall address each disputed aspect in turn.

/ / /

/ / /

---

[1] From the Court's perspective, the issues presented in this case were close and difficult, and, though plaintiff's case was unsuccessful, the Court would find that it had some merit.

Page 4 – OPINION AND ORDER

I.  *28 U.S.C. § 1920(2) - Fees for printed or electronically recorded transcripts necessarily obtained for use in the case.*

Fees incurred in obtaining deposition transcripts may be recovered under such section, but the Court must determine whether the transcript was necessarily obtained for use in the case. *Davico v. Glaxosmithkline Pharm.*, 2008 WL 624049, at *1 (D. Or. Jan. 23, 2008), *adopted by,* 2008 WL 627412 (D. Or. Mar. 6, 2008). Deposition transcripts are necessarily obtained under § 1920(2) if the depositions were introduced into evidence at trial, were required for a dispositive motion, or if taking the deposition was reasonable as part of the pretrial preparation of the case, as opposed to merely for counsel's convenience. *United States ex rel. Berglund v. Boeing Co.*, 2012 WL 697140, at *2 (D. Or. Feb. 29, 2012). A deposition need not be indispensable to justify an award of costs; rather it must only be reasonably necessary at the time it was taken, without regard to later developments that may eventually render the deposition unneeded at the time of trial or summary disposition. *Id.*

Plaintiffs object to many of the fees related to deposition transcripts in defendants' Bill of Costs. Initially, defendant concedes that shipping costs as well as archive, parking, tab, and travel related fees noted in their invoices to which plaintiff objects are not taxable. Accordingly, costs should be reduced $236.70. The Court agrees that those costs are not taxable.

Plaintiffs further object to costs associated with video depositions in this case arguing that they were unnecessary, given that written transcripts of these depositions were also prepared. Defendants argue that, given the nature of

Page 5 – OPINION AND ORDER

plaintiffs' claims, the demeanor and credibility of the plaintiffs were of great importance. Defendants also note that plaintiffs did not object to videotaping the depositions and that plaintiffs also video tapped depositions of defendants.

The Court is not persuaded that a video deposition was required "in addition to a stenographically transcribed deposition in this case and for these witnesses." *Skedco, Inc. v. Strategic Operations, Inc.*, 2016 WL 8678445, at *15 (D. Or. Apr. 1, 2016). Credibility and demeanor are important in every case and there is no basis for distinguishing the video costs in this case from any other case. *Id.;* s*ee also Hunt v. City of Portland*, 2011 WL 3555772, at *7 (D. Or. Aug. 11, 2011) (noting that "[r]outinely allowing recovery of the cost incurred for both the court reporter's transcript and a separate videographic record of depositions duplicates deposition costs without purpose.") In dealing with a similar request in a previous case, the Court adopted the conclusion of Magistrate Judge Thomas Coffin who wrote that

> if a party wishes to videotape a deposition that is not a perpetuation deposition, it may certainly do so at its own expense, but this court is not going to pass on what it views to be an unnecessary expense to the other party by awarding such in a bill of costs.

*Davico v. Glaxosmithkline Pharm.,* 2008 WL 624049, at *2. Accordingly, the Court will not tax any costs associated with the video depositions in this matter.

Next plaintiffs object to costs associated with court reporter fees as being nontaxable. However, other Courts in this District have approved of such fees noting that "§ 1920(2) is reasonably read to permit taxation of both the cost of creating the transcript and the cost of reproducing the transcript." *Apantac, LLC v. Avitech Int'l Corp.*, 2014 WL 12788974, at *3 (D. Or. Nov. 26, 2014). Accordingly, the Court finds

Page 6 – OPINION AND ORDER

that the costs associated with obtaining the stenographic transcripts were necessary and taxable.

Finally, plaintiffs object to the costs associated with the depositions of Martin and Carol Jocks as being insufficiently itemized. The Court notes that the invoice submitted for both depositions billed $1,643.00 for the original, indexed, and condensed depositions transcripts. However, this does not detail if nontaxable fees for archiving, tabbing, shipping, or travel are included in this amount. The average costs of these nontaxable fees in the transcript invoices for the other four named plaintiffs was approximately $24.15. The Court finds it reasonable to reduce the amount awarded for the Jocks deposition transcript by $48.30.

In sum, the Court is satisfied that the depositions here were reasonably necessary and grants defendants costs related to § 1920(4) in the amount of $4,839.75.[2]

II.  *28 U.S.C. § 1920(4) - Fees for exemplifications and the costs of making copies of any materials where the copies are necessarily obtained for use in the case*

The Court first addresses defendants' claim for $3,425.50 in fees associated with printing a reproduction of copies. Plaintiffs object to the costs submitted for document copying arguing that it is impossible to determine the reasonableness of the fees based on the invoices submitted

Copying costs for documents produced to opposing parties in discovery,

---

[2] The Court subtracted the archive, tab, and delivery fees from the invoices for the deposition of Dawn Caveye, Frank Mendoza, Dana and Gina Dalton, and Martine and Carol Jocks. The Court made no adjustments to the fees associated with transcript of Joshua Hunsaker's and Michael Frealey's depositions.

Page 7 – OPINION AND ORDER

submitted to the court for consideration of motions, and used as exhibits at trial are recoverable. *U.S. ex rel. Berglund v. Boeing Co.*, 2012 WL 697140, at *4 (D. Or. Feb. 29, 2012). However, recoverable copying costs "do 'not include extra copies of filed papers, correspondence, and copies of cases since these are prepared for the convenience of the attorneys.'" *Arboireau v. Adidas Salomon AG,* 2002 WL 31466564, at *6 (D. Or. June 14, 2002) (internal citation omitted). Recoverable copying costs also do not include costs associated with in-house photocopying for use by counsel. *Frederick v. City of Portland,* 162 F.R.D. 139, 144 (D. Or. May 26, 1995). A party's conclusory assertion that all copies were reasonably necessary to its case is, by itself, insufficient. *Kraft v. Arden*, 2009 WL 73869, at *9 (D. Or. Jan. 8, 2009). *See also Arboireau,* 2002 WL 31466564, at *6 (same).

Here, defendants make only a conclusory allegation that these fees are correct and were reasonably and necessarily incurred in the defense of the case. Scott. Decl. ¶ 2. Defendants also provide an itemized list of copying charges that denote only the date of the reproduction and whether the reproduction was done in color. However, the Court cannot make a determination regarding the true nature of these photocopying charges and what costs, if any are awardable. *See Key Bank Nat'l Ass'n v. Van Noy,* 598 F. Supp. 2d 1160, 1168 (D. Or. Feb. 2, 2009) (disallowing costs for copying and printing costs where the court could not determine necessity and reasonableness based on the exhibits submitted); *U.S. ex rel. Berglund v. Boeing Co.*, 2012 WL 697140, at *4 (same). Accordingly, the Court disallows this cost.

Finally, the Court turns to defendants' claim of fees for data base hosting in

Page 8 – OPINION AND ORDER

the amount of $3,555.73. Plaintiffs object to the costs associated with data hosting as nontaxable.

"In recognition of the growing use of electronic discovery, in 2008 Congress amended § 1920(4) from '[a] judge or clerk of any court of the United States may tax as costs the following: ... fees for exemplifications and copies of papers' to 'fees for exemplification and the costs of making copies of any materials.'" *Pacificorp v. Nw. Pipeline GP*, 2012 WL 6131558, at *6 (D. Or. Dec. 10, 2012) (*citing Jardin v. DATAllegro, Inc.*, 2011 WL 4835742, at *5 (S.D. Cal. Oct. 12, 2011)). Courts recognize that costs of technical experts required to physically prepare and produce electronic discovery may be properly taxed under § 1920(4) because these services are substantially different from those usually offered by attorneys or paralegals. *Id.* (internal citations omitted). However, only those costs analogous to exemplification and copy-making are recoverable. *Linex Techs., Inc. v. Hewlett-Packard Co.*, 2014 WL 5494906, at *4 (N.D. Cal. Oct. 30, 2014), *adopted,* 2014 WL 6482602 (N.D. Cal. Nov. 18, 2014) (internal citations omitted). "Thus, for example, intellectual efforts involved in the production of discovery—including the research, analysis, and distillation of data incurred in the preparation of documents (as opposed to the cost of physically preparing the documents)—are not taxable costs. *Id. (*internal citation and quotation marks omitted.)

The act of producing documents is not so narrowly construed as to cover only printing and Bates-labeling a document. *In re Ricoh Co., Ltd. Patent Litig.*, 661 F.3d 1361, 1365 (Fed. Cir. 2011). "We are well past the day when all copies are basic

Page 9 – OPINION AND ORDER

photocopies. The electronic storage of documents, especially when they are numerous, allows a more efficient way to litigate the case and to present the evidence at trial." *Adidas Am., Inc. v. Payless Shoesource, Inc.*, 2009 WL 302246, at *6 (D. Or. Feb. 9, 2009). The Court agrees with this reasoning and has long advocated for litigants to embrace the use of technology to more efficiently manage litigation. Accordingly, third-party consulting services limited to technical issues related to the physical production of information—and unrelated to review of documents or strategic decision-making—are taxable. *Pacificorp v. Nw. Pipeline GP*, 2012 WL 6131558, at *8-9.

Defendants submit fees related to hosting services for discovery materials on Relativity and Casepoint databases. However, based on the invoices submitted the Court cannot discern whether these costs involved some intellectual efforts or were part of normal discovery retention performed by attorneys, both of which are not taxable. Accordingly, the Court disallows these costs as well.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Page 10 – OPINION AND ORDER

## CONCLUSION

For the reasons set forth above, defendants' Bill of Costs (Doc. 90) is GRANTED IN PART AND DENIED IN PART, and defendants are awarded costs in the amount of $4,839.75.

IT IS SO ORDERED.

Dated this __2nd__ day February of 2021.

                                              /s/Ann Aiken
                                                Ann Aiken
                                      United States District Judge